BELSOME, J.,
dissents with reasons.
|⅜1 respectfully dissent from the majority’s disposition.; While I agree with its legal analysis, I write separately to express my concerns regarding “the evidence” submitted in this case. Pursuant to La.C.Cr.P. art. 729.7(D), the evidentiary rules are inapplicable, such that a police report might be submitted as evidence when it is normally considered inadmissible hearsay. However, the argument of counsel is not evidence. See La. C.Cr.P. art. 774.
While I recognize that the defendant’s right to prepare a defense must be balanced against the interests in protecting witnesses, the record does not reflect that the State submitted a single piece- of evidence during the ex parte hearing. Anecdotal argument based upon conjecture and speculation does not meet the minimum burden set forth by 729.7(A). Though it is evident from the transcripts .that the trial court reviewed a video recording of the shootings, there is nothing to indicate that the trial court reviewed any other evidence referred to and relied upon by the State during its argument.
Admittedly, the information in the police report is sufficient to meet the State’s burden. However, we cannot assume that the trial court reviewed a police report that was not admitted into evidence, especially when considering the transcript from the ex parte hearing suggests the opposite! Since the State did notLmeet its burden of proof through .the introduction of sufficient evidence at the ex parte hearing, I would *1083 find that the trial court abused its discretion in denying the defendant’s motion to release the redacted portion of the police report. For these reasons, I would grant the writ and the relief requested.